UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLESEX COUNTY PROSECUTORS OFFICE, et al.,<br><br>Defendants. | Civil Action No. 17-3605 (PGS)<br><br>**MEMORANDUM OPINION** |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, *see* ECF No. 2, the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed with prejudice.

The crux of Plaintiff's claims is that individuals from the Middlesex County Prosecutor's Office impermissibly disclosed his state juvenile delinquency records to other individuals, such as his codefendants and employer, during the prosecution of another crime. However, to state a claim for relief under § 1983, Plaintiff must establish the violation of a right secured by the Constitution or laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013). There is no federal right to the non-disclosure of state juvenile records. *See McDonnell v. United States*, 4 F.3d 1227, 1249 (3d Cir. 1993) (finding that state juvenile records do not fall within the scope of federal statute prohibiting disclosure of records in juvenile delinquency proceedings); *O'Neill v. Kerrigan*, No. 11-3437, 2013 WL 654409,

at *9 (E.D. Pa. Feb. 22, 2013) (finding most courts have held that the constitutional right to privacy does not extend to juvenile arrest and criminal records) (collecting cases). Defendants' conduct may have indeed violated some state disclosure law, but that cannot be the basis of a federal claim. *See Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009). To the extent Plaintiff alleges that Defendants impermissibly disclosed his sex offender status, there is also no federal right of privacy to an individual's sex offender status. *See Paul P. v. Verniero*, 170 F.3d 396, 404 (3d Cir. 1999). Having failed to state a cognizable claim under § 1983, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted. The dismissal is *with prejudice* because the Court finds that an opportunity to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002).

Date: 1/10/18

Peter G. Sheridan
United States District Judge